Hon. A. S. McKee
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

> Opinion No. O-1581
> Re: Constitutionality of Article 2350d,
> Revised Civil Statutes of Texas,
> 45th Legislature of Texas.

Your request for opinion has been received by this Department.

We quote from your letter as follows:

"I will thank you to give me a ruling for the Commissioners' Court of Jasper County upon the following question. I have made a written ruling to said Court, but it is unwilling to take my ruling as the law upon the subject. The matter pertains to the salaries of the several Commissioners of Jasper County.

"Proposition:

"Art. 2350d, R. S., passed by the 45th Legislature, regular session, Page 181, Chapter 87, in substance provides that the salary of County Commissioner in every county in this State having a population of not less than 17,000 and not more than 17,100, according to the last available United States Census, shall be $1800.00 per year, so long as the taxable values of the county shall exceed the sum of $6,800,000.00 for the next preceding year, etc.

"Admitted Facts Relative to the Passage of Above Bill:

"1st. This Bill was introduced b y Hon. M. M. Davis, representative of this District

and passed by the 45th Legislature by request
of certain citizens of Jasper County and ap-
plies only to counties with a population of
not less than 17,000 and not more than 17,100,
according to the last _available_ United States
Census.

"2nd: That according to the last Federal
Census, Jasper County had a population of
17,064, and that no other county in the state
of Texas had a population that comes within
the bracket of 17,000 to 17,100.

"3rd: That said Bill was introduced and
passed solely for the purpose of increasing the
salaries of the County Commissioners of
Jasper County, and applies to no other officer
of Jasper County, and is therefore regulatory of
the affairs of Jasper County to that extent.
No notice was given as required by Section 57,
of Art. III, constitution of Texas.

"4th: That at the time of introduction
and passage of the Bill, it was known and understood
that said bill would not affect any other county
in this State, and was introduced and passed
with the general idea that it would affect
Jasper County only.

"Opinion of County Attorney:

"Said above mentioned Bill applying the
admitted facts, is unconstitutional and void as
a special or local law because same is violative
of Sec. 56, of Art. III, Constitution of Texas,
citing in support of this, Bexar County vs. Tyman,
97 S. W. (2d) page 467.

"The writer passed a written ruling to the
Commissioners' Court of Jasper County to the
effect that said Bill was unconstitutional and
void, citing above mentioned case, and the sever-
al rulings of the Attorney General's Department,
and that the Commissioners' Court were without
legal authority to pay themselves a salary greater
than that provided in Art. 2350 R. S.

"The Commissioners' Court of Jasper County
refuses to abide by the ruling given them by the

County Attorney and requests that the Attorney General of Texas pass upon the matter, asserting that they are perfectly willing to abide by the ruling made by your Department upon the facts in question.

"Therefore, if you will be kind enough to give me your opinion on the above matter at an early date, you will greatly oblige."

Article 2350d, Revised Civil Statutes of Texas, reads as follows:

"In every County in this State, having a population of not less than seventeen thousand (17,000) and not more than seventeen thousand, one hundred (17,100), according to the last available United States Census, the compensation of each County Commissioner, so long as the taxable values in said County shall exceed the sum of Six Million, Eight Hundred Thousand Dollars ($6,800,000) for the next preceding year, shall be Eighteen Hundred Dollars ($1800) per year, to be paid in equal monthly installments, fifty (50) per cent of which amount shall be paid out of the General Fund of the County, and fifty (50) per cent out of the Road and Bridge Fund of the County; provided that when such taxable values for the next preceding year shall fall below said sum, the salary of each County Commissioner shall be as provided in Article 2350 of the Revised Statutes of 1925."

We are enclosing herewith copies of opinions Nos. O-735 and O-899 of this Department, which pass upon questions similar to the question stated in your letter.

Under the facts stated in your letter, and under the authorities cited in your brief and under the authorities cited in opinions Nos. O-735 and O-899 of this Department, you are respectfully advised that it is the opinion of this Department that your opinion upon this question is correct and that Article 2350d, Revised Civil Statutes of

COPY

Texas, is a special or local law attempting to regu-
late the affairs of Jasper County and is therefore,
unconstitutional, such a law being inhibited by Sec-
tion 56, Article 3 of the Constitution of this State.

With best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (Signed) Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW:BT

ENCLOSURES

APPROVED OCT 26, 1939
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By BWB
Chairman